UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21172-CIV-SANCHEZ

DAVID W. LANGLEY and DAVID W. LANGLEY, P.A.,

    Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN and SEAN NEIL MEEHAN,

    Defendants.

_____/

### ORDER REGARDING MAGISTRATE CONSENT JURISDICTION AND OPT-OUT PROCEDURE

Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been assigned as the presiding judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. The Administrative Order permits any party to object and "opt out [of Magistrate Judge jurisdiction] by filing a motion for case reassignment within the deadline given to the parties by the assigned Magistrate Judge."

Any party is free to object and opt out of Magistrate Judge jurisdiction without any adverse consequences whatsoever. If any party does opt out of Magistrate Judge jurisdiction by filing a motion for case reassignment, then a United States District Judge will be assigned to preside over this case (including any trial) and enter any dispositive order and final judgment. Under such circumstances, the undersigned United States Magistrate Judge would remain on the case and would enter any orders and/or report and recommendations on any matters referred by the District Judge. An appeal from a judgment entered by a District Judge is taken to the Eleventh Circuit.

In accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties may waive their right to proceed before a U.S. District Judge of this Court and voluntarily consent to have a U.S. Magistrate Judge conduct any or all proceedings in this case and to order the entry of a final judgment. If the parties consent to have this case handled by a U.S. Magistrate Judge,

then the undersigned would enter all orders, preside over any trial, and render a final decision and judgment in due course. Any appeal of a judgment in such circumstances would be taken directly to the Eleventh Circuit Court of Appeals.

In this just-removed case, the Plaintiffs have filed an Expedited Motion to Remand and Request for Sanctions. ECF No. 4. While there is a split of authority on the question and the Eleventh Circuit has not yet resolved the issue, "the prevailing authority among Courts of Appeals" is that a motion to remand to state court is a case dispositive motion. *Kennedy v. AmGuard Ins. Co.*, No. 24-CV-80815, 2025 WL 303715, at *6 n.1 (S.D. Fla. Jan. 22, 2025), *report and recommendation adopted*, 2025 WL 305453 (S.D. Fla. Jan. 27, 2025). Indeed, "every court of appeals to consider the question has held that remand to state court should be treated as a matter which may not be resolved by a magistrate judge by order." *Exclusive Grp. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 2:22-CV-474-JES-NPM, 2023 WL 8597520, at *3 (M.D. Fla. Dec. 12, 2023) (citing *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762-65 (5th Cir. 2016); *Flam v. Flam*, 788 F.3d 1043, 1045-47 (9th Cir. 2015); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 516-17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-96 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998)). Accordingly, the undersigned's authority to address the motion to remand without the parties' consent is currently in question.

Given these circumstances and the expedited relief requested by Plaintiffs, it becomes necessary to address the issue of Magistrate Judge jurisdiction on an expedited basis. As a result, by no later than **2:00 p.m. on Friday, March 14, 2025**, the parties shall file either:

a. a Motion for Case Reassignment to a District Judge, if the party objects to Magistrate Judge jurisdiction;[1] or

b. a joint notice of consent to Magistrate Judge jurisdiction, if, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties agree to waive their right to

---

[1] The motion does not need to be supported by a memorandum of law and does not require a Local Rule 7.1 conferral certification.

2

proceed before a United States District Judge of this Court and voluntarily consent to have a United States Magistrate Judge conduct any and all proceedings in this case and to enter any dispositive orders and final judgment. [2]

**If no party objects by 2:00 p.m. on Friday, March 14, 2025** to Magistrate Judge jurisdiction, then nothing more need be done by the parties as to this issue and this case shall proceed in full before the undersigned United States Magistrate Judge for all purposes including any trial, entering any dispositive order, and, if appropriate, a final judgment.

A party's continued filing of documents in the case, without first filing a timely motion for case reassignment, shall additionally be deemed as consent by that party to Magistrate Judge jurisdiction over all aspects of the litigation, including any trial and the entry of a dispositive order and final judgment.  *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (a party's consent to the Magistrate Judge's jurisdiction under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after they ha[ve] been told of their right to be tried by a district judge").

**DONE AND ORDERED** in Chambers in Miami, Florida, this 12th day of March, 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

    Elizabeth Hazan a/k/a Liza Hazan, *pro se*
    6913 Valencia Drive
    Miami, FL 33109
    lizahazan77@gmail.com
    (via email and U.S. Mail)

    Sean Neil Meehan, *pro se*
    6913 Valencia Drive
    Miami, FL 33109
    seannmeehan@gmail.com
    (via email and U.S. Mail)

---

[2] A sample consent form is available at:  https://www.flsd.uscourts.gov/sites/flsd/files/forms/Consent to Proceed before a United States Magistrate Judge_0.pdf.