UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 25-cv-21172-EIS

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

Defendants.

_____/

## SUPPLEMENTAL MOTION TO REMAND

Plaintiffs, David W. Langley and David W. Langley, P.A., file this Supplemental Motion to Remand, and in support thereof state as follows:

1. This Circuit Court action was filed on October 20, 2022, as a straightforward foreclosure action. The Complaint includes a claim for attorney's fees incurred when Plaintiffs represented Defendant Hazan in various adversary proceedings and contested matters in her Chapter 11 bankruptcy action, Case No. 16-10389.

2. Case No 16-10389-RAM was re-opened by Bankruptcy Judge Robert A. Mark on March 7, 2025, following the filing of numerous motions in that case.

3. Defendants filed this Notice of Removal the day before this case was to begin trial.

4. This Notice of Removal was also filed at a time when a witness, Steven Murphy, was prepared to produce documents and submit to a deposition in the case below.

5. Plaintiffs subpoenaed closing records from an entity represented by attorney Steven Murphy. See Docket Entry 112, a subpoena to Company Representative (Steven Murphy) of 1 East 62nd Street Apt 1A LLC most knowledgeable concerning the real estate transaction between 1 East 62nd Street Apt 1A NYC New York 10065 LLC and NYC New York 10065.

6. Plaintiffs recently learned of that 2019 transaction, believed to involve Defendant Hazan. Plaintiffs believe in good faith that the records sought from the witness, Steven Murphy, are evidence of fraud committed by Elizabeth Hazan in her bankruptcy case, Case No. 16-10389-AJC, as well as fraud committed against Plaintiffs[1].

7. Plaintiffs contend that the deeds listed as Plaintiffs' Exhibits 7, 8, 9 and 10 evidence a series of fraudulent transfers by Hazan of Apartment 1A, 1 East 62nd Street, New Your, New York, a valuable Manhattan apartment, and that Exhibit 11 represents the 2019 sale of that apartment to the entity represented by Steven Murphy.

8. The documentary stamp taxes on Exhibit 11 indicate consideration of approximately $2,000,000.00 paid to the seller.

9. Hazan's bankruptcy Schedules A and B list Hazan's Fisher Island home, which is the subject of this foreclosure lawsuit, but do not list the New York apartment.

10. Plaintiffs believe that the closing records subpoenaed from Steven Murphy will show that the proceeds of sale of the New York Apartment ultimately went to Hazan. The Notice of Removal was intended by Hazan to prevent the disclosure of that information.

---

[1] Plaintiffs' Retainer Agreement with Hazan, Exhibit 3 below, provides for a charging order against Hazan's assets.

11. In a prior effort to prevent Plaintiffs from obtaining this information, Ms. Hazan filed a Motion to Quash, which appears at Docket Entries 114 and 115. That motion was denied by the Court. See Docket Entry 118.

12. Despite the entry of an order by Judge Diaz denying the Motion to Quash, Ms. Hazan emailed Steven Murphy directing him to disregard the State Court Order:

> On Feb 28, 2025, at 4:25 PM, LIZA HAZAN <lizahazan77@gmail.com> wrote:
>
> Steve:
>
> Please refrain from producing any documents and appearing for deposition. My emergency motion to quash was not even set at the calendar call hearing.
>
> The judge only ordered me to be deposed on February 28 he never discussed your client's deposition or production of your client's documents.
>
> I am moving to recuse the judge and vacate this erroneous order that was wrongfully uploaded by David Langley without sending it to us and erroneously signed by the judge.
>
> Thank you.
>
> Best regards,
>
> Elizabeth Hazan
> Sent from my iPhone

13. The acts of Hazan constitute witness tampering in violation of 18 U.S.C. 1512. A person who knowingly uses intimidation to prevent the disclosure of a Federal offense is guilty of witness tampering under 18 U.S.C. § 1512(b)(3). *United States v. Santonastaso*, 100 F.4th 62, 72 (1st Cir.), cert. denied, 145 S. Ct. 320 (2024). That is the case even where the individual "acted with state-law matters in mind and without any intent in connection with any potential federal offense." *United States v. Santonastaso*, at 72.

14. This Federal Removal action is also an improper attempt by Hazan to delay trial and to prevent the disclosure of the above-referenced relevant information.

**Request for Additional Sanctions**

15. Plaintiffs further request that the Court direct the Clerk to refuse for filing any further Notices of Removal from either of these litigants, and that the Court award appropriate sanctions.

**CONCLUSION**

The removal by Defendants to this Court is not only a ploy by Defendants to delay the trial of the case below, but also an improper attempt to conceal Hazan's wrongful acts from the State Court below, as well as the Bankruptcy Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DAVID W. LANGLEY, P.A.
Attorneys for Plaintiffs
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33322

Email: dave@flalawyer.com

  /s/ *David W. Langley*
DAVID W. LANGLEY
Florida Bar No. 248379

**SERVICE LIST**

Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com