UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21172-CIV-SANCHEZ

DAVID W. LANGLEY and DAVID W.
LANGLEY, P.A.,

    Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN and
SEAN NEIL MEEHAN,

    Defendants.
_____/

### ORDER ON MOTIONS TO REMAND

This cause comes before the Court on Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Supplemental Motion to Remand, ECF No. 7. Having reviewed the motions, Defendants' response (ECF No. 12), Plaintiffs' reply (ECF No. 13), the record, and the applicable law, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Plaintiffs' Supplemental Motion to Remand, ECF No. 7, are **GRANTED IN PART and DENIED IN PART**.[1]

---

[1] On March 12, 2025—the day on which Defendants filed their Notice of Removal, ECF No. 1, and on which Plaintiffs filed their Expedited Motion to Remand and Request for Sanctions, ECF No. 4—the undersigned issued an Order Regarding Magistrate Consent Jurisdiction and Opt-Out Procedure. ECF No. 5. That Order advised the parties that this case had been assigned to the undersigned as the presiding judge for all purposes under Administrative Order 2025-11, but that the parties were free to object and opt out of magistrate judge jurisdiction. ECF No. 5. Due to the Plaintiffs' request for expedited consideration of their motion to remand, the Order gave the parties until 2:00 p.m. on Friday, March 14, 2025 to either opt out of or consent to magistrate judge jurisdiction. *Id.* at 2. The Order explained that the case would proceed before the undersigned for all purposes if no party objected to magistrate judge jurisdiction by that deadline and that "[a] party's continued filing of documents in this case, without first filing a timely motion for case reassignment, shall additionally be deemed as consent by that party to Magistrate Judge jurisdiction over all aspects of the litigation, including any trial and the entry of a dispositive order

On October 20, 2022, Plaintiffs David W. Langley and David W. Langley, P.A. ("Plaintiffs") initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("State Court Action"). *See* ECF No. 1-1. Plaintiffs sued Elizabeth Hazan, a/k/a Liza Hazan, and Sean Neil Meehan ("Defendants") for Mortgage Foreclosure (Count I), Suit on Note (Count II), Attorney's Charging Lien against Hazan (Count III) and Meehan (Count IV), and Quantum Meruit (Count V). *See id.* More than two years later, on March 12, 2025, Defendants filed the notice of removal that commenced this case. ECF No. 1. That same day, Plaintiffs filed an Expedited Motion to Remand and Request for Sanctions. ECF No. 4.

## I.  MOTION FOR REMAND

Here, Defendants attempt to remove this case on three bases: (1) federal question jurisdiction; (2) diversity jurisdiction; and (3) jurisdiction over bankruptcy-related proceedings. *See* ECF No. 1 at 1 (stating that removal was "pursuant to Title 28, United States Code §§[] 1331, 1332, 1441, 1446, and 1452"); *see also id.* at 18 (citing 28 U.S.C. § 1332(c)(1), alleging an amount in controversy, and asserting the relatedness of bankruptcy proceedings). None of Defendants' arguments support removal.

**A.     The State Court Action Was Not Removable Based on Federal Question Jurisdiction.**

Plaintiffs' claims in the State Court Action are not removable on the basis of federal question jurisdiction. Those claims are based solely on state law and do not "arise under federal

---

and final judgment." *Id.* at 3. Plaintiffs thereafter expressly consented in writing to magistrate judge jurisdiction, ECF No. 6, and Defendants filed no objection to magistrate jurisdiction either by the March 14 deadline or at any time afterward. Rather, both parties have continued to litigate this matter and file documents without raising any objection whatsoever to magistrate judge jurisdiction and without filing any request for case reassignment to a district judge. *See, e.g.*, ECF No. 7 (Plaintiffs' Supplemental Motion to Remand), ECF No. 9 (Defendants' Motion for Extension of Time); ECF No. 12 (Defendants' Response in Opposition to Motion to Remand Doc 4 and Supplemental Motion to Remand Doc 7). Accordingly, the undersigned exercises consent jurisdiction over this matter and the pending motions to remand pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003).

law." *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and that the plaintiff is "the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law"). Moreover, Defendants cannot create federal question jurisdiction through their assertion of counterclaims or defenses. *See, e.g.*, *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction." (citation omitted)).

**B.      The Notice of Removal Was Filed Beyond the Prescribed
          Period and Constitutes a Defect in Removal Procedure.**

Whether Defendants are seeking to remove on the basis of federal question jurisdiction, diversity jurisdiction, or bankruptcy jurisdiction, Defendants' notice of removal was filed too late, and it was thus procedurally defective, thereby warranting remand of this case to state court.[2] *See* 28 U.S.C. § 1447(c); *see also, e.g.*, *Wilson v. Gen. Motors Corp.*, 888 F. 2d 779, 781 n.1 (11th Cir. 1989) ("Petitioning for removal outside the 30-day window constitutes a defect in removal procedure . . . ."); *Tomlinson v. Home Depot USA, Inc.*, No. 20-80594-CIV, 2021 WL 8946469, at *1 (S.D. Fla. Feb. 26, 2021) ("[E]ven when a district court has subject matter jurisdiction over a removed case, a remand to the state court is warranted if the notice of removal was not timely filed.").

---

[2] Because the defects in removal arising from Defendants' untimely notice of removal warrant a remand of this case to state court—regardless of whether this Court would have jurisdiction over the claims that Plaintiffs asserted in the State Court Action—the Court does not reach or address the issues concerning the existence of diversity or bankruptcy jurisdiction over such claims.

3

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). A defendant may also file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the Plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Here, the State Court Action was commenced on October 20, 2022, the Defendants were in receipt of Plaintiffs' complaint by no later than May 16, 2023, *see* ECF No. 1-1 at 23-24, and Defendants did not file their current notice of removal until March 12, 2025—nearly two and a half years after the State Court Action was commenced and nearly two years after Defendants were in receipt of the complaint. That is well over both the 30-day removal period established by § 1446(b) and the 1-year period set forth in § 1446(c)(1). Moreover, Defendants have made no showing that the basis for removal of the State Court Action did not became ascertainable until after receipt of an amended pleading, motion, order, or other paper,[3] *see* 28 U.S.C. § 1446(b)(3), nor have they made any showing that Plaintiffs acted in bad faith to prevent Defendants from

---

[3] On the contrary, Defendants' filing of an earlier notice of removal concerning the State Court Action on February 26, 2024, *see* ECF No. 1 (notice of removal), *Langley v. Hazan*, Case No. 24-20736-CIV-ALTONAGA/REID (S.D. Fla.), demonstrates that Defendants had in fact ascertained their asserted bases for removal from the Plaintiffs' complaint more than a year prior to their filing of the notice of removal that initiated the instant case. The Court takes judicial notice of the filings in Case No. 24-20736-CIV-ALTONAGA/REID. *See United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts." (citation omitted)).

removing the action. Indeed, the Court finds no such bad faith by Plaintiffs.

Although Defendants also assert removal jurisdiction under 28 U.S.C. § 1452 based on two bankruptcy court proceedings that Defendants assert relate to the State Court Action, *see* ECF No. 1 at 18 ¶ 5, removal on that basis is likewise untimely. Under § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). Section 1334, in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, removal pursuant to § 1452(a) also requires that the notice of removal be filed within 30 days of receipt of the initial pleading or summons. *See, e.g.*, *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 965 n.17 (11th Cir. 2012) ("Removal of cases under § 1452(a) is possible only within '30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed.'" (quoting Fed. R. Bankr. P. 9027(a)(3)(A) and citing 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.")); *In re Campbellton-Graceville Hosp. Corp.*, No. 17-40185-KKS, 2022 WL 3022303, at *6 (Bankr. N.D. Fla. July 29, 2022) (citing Fed. R. Bankr. P. 9027(a)(3)).[4] As such, Defendants here would have

---

[4] Bankruptcy Rule 9027(a)(3) states:

> ***Time to File When the Claim Is Filed After the Bankruptcy Case Was Commenced.*** If a claim or cause of action is asserted in another court after the bankruptcy case was commenced, a party filing a notice of removal must do so within the shorter of these periods:
>
> (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or

needed to file their present notice of removal within 30 days of receipt of Plaintiffs' complaint in the State Court Action, that is, by no later than June of 2023. They did not do so.

As a result of the foregoing defects in removal, remand of this case to state court is warranted.

## II.  MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

Plaintiffs also seek the attorney's fees incurred in responding to the notice of removal. ECF No. 4 at 6. The removal statutes provide for such an award: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). These fees may be awarded if the party seeking removal lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). As the Supreme Court has reasoned, § 1447(c) seeks to deter parties from removing cases for the purpose of prolonging litigation or imposing costs on the opposing party. *See id.* at 140.

Given that this is not the first time Defendants have tried to remove the State Court Action,[5] that even a cursory examination of the statutes governing federal removal jurisdiction would have clearly shown Defendants that their notice of removal was untimely, and that Defendants' notice of removal was filed on the eve of trial in the State Court Action (which had been pending since 2022), the Court finds that Defendants had no "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Accordingly, Plaintiffs' request for attorney's fees is **GRANTED**, and the Plaintiffs shall be awarded the reasonable attorney's fees incurred in preparing Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and their Reply in support

---

(B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

[5] *See supra* note 3.

of that motion, ECF No. 13. However, the Court finds that Plaintiffs have failed to establish an entitlement to any other relief or sanction.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Plaintiffs' Supplemental Motion to Remand, ECF No. 7, are **GRANTED IN PART and DENIED IN PART**;

(2) This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;

(3) Within fourteen (14) days of this Order, that is, by May 8, 2025, Plaintiffs may file a motion for reasonable attorney's fees that documents both the time reasonably spent on the preparation of Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Plaintiffs' Reply in support of that motion, ECF No. 13, and the hourly rate(s) claimed for such work; and

(4) All other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 24th day of April, 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:  Counsel of Record

Elizabeth Hazan a/k/a Liza Hazan, *pro se*
6913 Valencia Drive
Miami, FL 33109
lizahazan77@gmail.com
(via email and U.S. Mail)

Sean Neil Meehan, *pro se*
6913 Valencia Drive
Miami, FL 33109
seannmeehan@gmail.com
(via email and U.S. Mail)