**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 25-cv-21172-EIS**

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

Defendants.

_____/

**MOTION TO DISMISS APPEAL**

Plaintiffs, David W. Langley and David W. Langley, P.A., move to dismiss Defendants' appeal of the Remand Order (ECF 14), and in support thereof state as follows:

1. The District Court has held that, "Whether Defendants are seeking to remove on the basis of federal question jurisdiction, diversity jurisdiction, or bankruptcy jurisdiction, Defendants' notice of removal was filed too late, and it was thus procedurally defective, thereby warranting remand of this case to state court".  See ECF 14

2. 28 U.S.C. § 1447(d) provides:

   "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

3. As stated by the Supreme Court:

> As we explained in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), § 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). Id., at 345–346, 96 S.Ct., at 590–591. As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28, 116 S. Ct. 494, 497, 133 L. Ed. 2d 461 (1995).

4. Defendants' Notice of Removal, their second in this case, was untimely. The appeal should be dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DAVID W. LANGLEY, P.A.
Attorneys for Plaintiffs
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33322

Email: dave@flalawyer.com

　/s/ *David W. Langley*　
DAVID W. LANGLEY
Florida Bar No. 248379

## SERVICE LIST

Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com