**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 25-cv-21172-EIS**

DAVID W. LANGLEY ET AL, And DAVID W. LANGLEY, P.A.,
Plaintiffs,
V.
ELIZABETH   HAZAN   *NK/A*   LIZA HAZAN, ET.
AL., And SEAN MEEHAN
Defendants.
_____/



FILED BY_____ D.C.

MAY 0 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**ELIZABETH HAZAN AND SEAN MEEHAN'S**
**MOTION FOR REHEARING OR**
**RECONSIDERATION OF ORDER ON MOTIONS**
**TO REMAND ECF No. 14 MOTION TO VACATE**
**ORDER ON MOTIONS TO REMAND ECF No. 14**

Defendants, Elizabeth Hazan *A/K/A* Liza Hazan ("Hazan"), Sean Neil Meehan

("Meehan"), *Pro Se* Defendants,   file their Motion For Rehearing or Reconsideration of

the Order on Motions to Remand ECF No. 14, Motion to Vacate Order on Motions to

Remand under Federal Rule of Civil Procedure 60(b). In support, Defendants Ms. Hazan and

Mr. Meehan respectfully state as follows:

**BACKGROUND**

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments or

orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th

Cir. 2020). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or

excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing

party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief."

*Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012). It "must demonstrate why the

court should reconsider its prior decision and set forth facts or law of a strongly convincing

nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957

F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotation omitted).

The Court has overlooked the fact that this is a fee dispute incurred by debtor in

possession Ms. Hazan in her bankruptcy chapter 11 plan and those fees billed by Plaintiffs,

DAVID W. LANGLEY ET AL, And DAVID W. LANGLEY, P.A were discharged. These attorney's fees are a bankruptcy matter and should only be resolved by the bankruptcy court. Plaintiffs, DAVID W. LANGLEY ET AL, And DAVID W. LANGLEY, P.A. were Debtor in possession Ms. Hazan's former counsel from 2016 to 2022. LANGLEY were awarded administrative claims by the bankruptcy court in 2018. Subsequently in 2022 without obtaining permission from the bankruptcy court Plaintiffs Langley recorded a mortgage and filed a foreclosure action on Ms. Hazan's homestead property. Hazan and Meehan have claims and counterclaims against Plaintiffs.

**THE COURT HAS OVERLOOKED THE FACT THAT PLAINTIFFS DAVID ARE VIOLATING THE BANKRUPTCY CHAPTER 11 PLAN AND THE DISCHARGE ORDER ONLY THE BANKRUPTCY HAS JURISDICTION OVER THIS FEE DISPUTE MATTER**

This Court has overlooked the fact that Plaintiffs are violating the bankruptcy injunctions and the final orders of the bankruptcy court and District Court and Eleventh Circuit Court of Appeals affirming the Hazan's confirmed bankruptcy chapter 11 plan and Discharge Order. Only the Bankruptcy Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. David Langley is claiming a charging lien on Ms Hazan's homestead property in violation of the confirmed plan and the discharge and wants to foreclose on her property. As David Langley stated his motion for attorney fees and approval and enforcement of a charging lien and request for evidentiary hearing presents, at a minimum, a matter "related to" administration of the bankruptcy case to which the fees relate, and so the bankruptcy Court has subject matter jurisdiction over this Charging Lien Motion. *In re 160 Royal Palm, LLC, No.* 18-19441-EPK, 2020 WL 4792094, at 1 (Bankr. S.D. Fla. May 14, 2020) citing *In re Commonwealth Institutional Sec.,* 344 B.R. at 828. Bankruptcy venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. Plaintiffs have willfully violated the bankruptcy Court's Order Confirming Plan of Reorganization entered on June 12, 2018 case 16-10389-RAM [ECF 691] and the automatic stay imposed by 11 U.S.C. §362.

1.      On June 12, 2018, the bankruptcy Court entered its Order Confirming Plan of

Reorganization (Confirmation Order). [ECF No. 691].

2.      Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose

claims were extinguished from pursuing such claims against the debtor:

> All creditors whose judgments are declared null and void (if any) are enjoined from
> commencing, continuing, or employing any action, process, or act to collect, recover,
> or offset any such debts as personal liability of the Debtor, or from property of the
> Debtor, whether or not discharge of such Debtor is waived.

In direct contravention of Paragraphs 8 the Confirmation Order, Plaintiffs recorded a Notice

of Lis Pendens against the debtor's home.

Despite the Court's entry of the Confirmation Order, Plaintiffs have continued to prosecute

their claims against reorganized and discharged debtor Hazan.

## ARGUMENT AND MEMORANDUM OF LAW

This Court has jurisdiction to enforce the injunctions in the Confirmation Order as well as to remedy violations

of the automatic stay. In Paragraph 17 of the Confirmation Order, this Court specifically reserved jurisdiction over

enforcement:

> The Bankruptcy Court shall retain jurisdiction:
>
> ***
>
> (m) To enforce any and all injunctions created pursuant to the terms of the Plan;
>
> (n) To modify the Plan or to remedy any defect or omission or reconcile any
> inconsistencies in the Plan either before or after the entry of the Confirmation
> Order;
>
> (o) To hear and determine all controversies, suits, and disputes that may arise in
> connection with the interpretation or enforcement of the Plan;
>
> (p) To make such orders as are necessary or appropriate to carry out the provisions of
> the Plan.

ECF No. 691 at 6. Moreover, even without such an express reservation, "the court that enters an injunctive order

retains jurisdiction to enforce its order." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012).

Under Eleventh Circuit precedent, this Court is authorized to impose sanctions on Plaintiffs for their violation

of the Court's injunctions as well as for their statutory violations or refer the matter to the bankruptcy court:

> Bankruptcy judges, like district judges, have the power to coerce compliance with
> injunctive orders. In the bankruptcy context, "the creditor who attempts to collect a

discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge."

*Alderwoods*, 682 F.3d at 966 (quoting *Cox v. Zale Del., Inc.,* 239 F.3d 910, 915 (7th Cir. 2001)).

In a Chapter 11 case, such as this case, the automatic stay remains in place until "the time a discharge is granted or denied." § 362(c)(2)(C).

The automatic stay prohibits, among other things:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…

§ 362(a).

Plaintiff's conduct in recording the Lis Pendens and filing a foreclosure action violated the confirmation and the discharge order. Section 362(k)(1) directs the Court to remedy violations of the automatic stay through monetary sanctions, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A creditor engages in a "willful violation" of the automatic stay when the creditor "(1) knew the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996). Willfulness does require that the creditor had "'a specific intent to violate the automatic stay,' but only that the defendant knew of the automatic stay and intended the acts that violated the stay." *Id.* (quoting *In re Goodman*, 991 F.2d 613, 618 (9th Cir.1993)).

In addition to its authority to remedy violations of the automatic stay, this Court also "possesses the inherent power to sanction contempt of its orders," including for violating the injunctive provisions of a plan confirmation order. *Alderwoods*, 682 F.3d at 970. The Court should impose sanctions on plaintiffs Langley.

The Plaintiffs' conduct has caused significant damage to the debtor and has impeded her in obtaining a fresh start. The wrongful Lis Pendens has slandered the debtor's title to her property and prevented her from selling or refinancing the property.

Section 362 of the Bankruptcy Code provides "for recovery of actual damages, attorney's fees, costs, and punitive damages, where appropriate, for a willful violation of the automatic stay." *In re: Dynamic Tours*, 359 B.R. 336, 342 (Bankr. M.D. Fla. 2006). And the Court may impose additional sanctions for a party's non-compliance with the Court's injunctions,

In addition, the Court should award actual damages, including the attorney's fees that Ms. Hazan has incurred to defend herself and obtain relief from the wrongful conduct of Plaintiffs. *See In re Omine*, 329 B.R. 343 (Bankr. M.D. Fla. 2005), *aff'd*, 2006 WL 319162 (M.D. Fla. 2006) (explaining that attorney's fees are an element of actual damages for a stay violation). In fact, the Court may award attorney's fees even if they are the only actual damages established by the debtor. *In re Hedetneimi*, 297 B.R. 837 (Bankr. M.D. Fla. 2003).

Moreover, Plaintiffs have engaged in repeated violations of the automatic stay and plan injunctions. As such, additional sanctions are necessary to deter Plaintiffs from taking additional actions in state court to foreclose on the debtor's home. Accordingly, Ms. Hazan requests that the Court award punitive damages as well.

### THIS IS A CORE PROCEEDING AS DEFINED IN 28 U.S.C. §§ 157(b)(2)(A).

The Court should conclude that this is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A). The Bankruptcy Court has retained jurisdiction to determine the rights to the Debtor's Fisher Island Property. As such, this Charging Lien Motion presents a core matter. *In re 160 Royal Palm, LLC*, No. 18-19441-EPK, 2020WL 4792094, at 2 (Bankr. S.D. Fla. May 14, 2020) citing *In re Commonwealth Institutional Sec.*, 344 B.R. at 828. The statutory predicates in support of the relief requested herein are 11 U.S.C. § 105 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rule 2016. A summary proceeding in the

original action represents the preferred method of enforcing an attorney's charging lien in Florida. *Everett v. City of St. Petersburg,* 2017 WL 1434785 at 3 (M.D. Fla. 2017), *Stok Folk and Kon, P.A. v. Fusion Homes, LLC,* 584 B.R. 376, 382 (S.D. Fla. 2018) (citing *Daniel Mones, P.A. v. Smith,* 486 So. 2d 559,561 (Fla. 1986)). Case law in Florida has consistently held that the proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending. *CK Regalia, LLC v. Thornton,* 159 So. 3d 358, 360 (Fla. 3d DCA 2015); see also *Baker & Hostetler, LLP v. Swearingen,* 998 So. 2d 1158, 1161 (Fla. 5th DCA 2008) ("Generally, a summary proceeding in the original action represents the preferred metho of enforcing an attorney's charging lien in Florida as opposed to a separate action"). An attorney's lien should be enforced in the proceeding where it arose because the parties are before the court and the subject matter is there. *In re Warner's Estate,* 160 Fla. 460, 35 So. 2d 296, 298-99 (1948). Given the same litigation involving same property Defendants believe that removal of this action to United States District Court and Transfer to Bankruptcy Court is appropriate.

Moreover, Plaintiffs' alleged mortgage in the amount of $82,500.00, against Hazan's homestead property was not approved by the Bankruptcy Court, was not mentioned in Hazan's confirmed Chapter 11 plan and Hazan was discharged in the Chapter 11 Bankruptcy. Because the alleged mortgagee DAVID W. LANGLEY ET AL, And DAVID W. LANGLEY, P.A, participated in Hazan's bankruptcy case as Debtor in possession Hazan's counsel because the plan was confirmed and the property was dealt with, therefore mortgagee's rights were not preserved in the Hazan's Chapter 11 confirmed plan therefore the alleged lien was not preserved. The fees that Mr. Langley, Hazan's former counsel is seeking are administrative claims and not a "straight forward foreclosure action" as incorrectly alleged in Plaintiff's Motion to Remand.

Court. 28 U.S.C. §157(a). <u>Removal Of Cases From State Court</u> 28 U.S.C.

§1452(a) provides as follows:

> (a)  A party may remove any claim or cause of action in a civil
> action other than a proceeding before the United States Tax
> Court or a
>
> civil action by a governmental unit to enforce such governmental
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district
> court has jurisdiction of such claim or cause of action under
> section 1334 of this title.

As the title to 28 U.S.C. §1452 itself indicates ("Removal of Claims related

to bankruptcy cases"), matters that can be removed include claims "related to" a

bankruptcy case within the meaning of 28 U.S.C. §1334(b).

In addition to 28 U.S.C. §1452(a), any civil action brought in a state court

may also be subject to removal pursuant to 28 U.S.C. §1441(a), if applicable.

<u>See Things Remembered, Inc. v. Petrarca,</u> 516 U.S. 124 (1995). 28 U.S.C.

§1441(a) provides as follows:

> (a)  Generally. - Except as otherwise expressly provided by Act
> of Congress, any civil action brought in a State court of
> which the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the
> district and division embracing the place where such action
> is pending.

District courts are authorized, but not required, to refer to bankruptcy judges cases under title 11, and proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 157(a). Schulman v. Cal. Water Res. Control Bd. (In re Lazar), 200 B.R. 358,366 (Bankr C.D. Cal. 1996) (each district court is authorized to adopt general order of reference for bankruptcy cases). *See Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38 (E.D. Cal. 2000) (district court exercising discretion *not* to refer claims involving FDCPA which might require jury trial). Bankruptcy judges may "hear and determine" -- i.e., enter final judgments in --

    a. all cases under title 11;
    b. all "core proceedings" arising under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b)(l).

## THS MATTER IS A CORE PROCEEDING

This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A). The Bankruptcy Court has retained jurisdiction to determine the rights to the Debtor's Fisher Island Property. As such, this Charging Lien Motion presents a core matter. *In re 160 Royal Palm, LLC,* No. 18-19441-EPK, 2020 WL 4792094, at 2 (Bankr. S.D. Fla. May 14, 2020) citing *In re Commonwealth Institutional Sec.,* 344 B.R. at 828.

28 U.S.C. § 157(b)(2)(A)-(O) provides examples of core proceedings including but not limited to --

(A) matters concerning the administration of the estate. *See  Manville Corp. v. Equity Sec. Holders Comm. (In re Johns-Manville Corp.),* 801 F.2d 60 (2d Cir. 1986) (§ 105 action by debtor to enjoin equity security holders committee from prosecuting state court action to require shareholders'
meeting); *In re Mercado- Jiminez,* 193 B.R. 112 (D.P.R. 1996) (motion to vacate

order dismissing bankruptcy case); *In re Delta Petroleum (P.R.), Ltd.,* 193 B.R. 99 (D.P.R. 1996) (compensation of debtor's professionals); *In re Res. Tech. Corp.,* 254 B.R. 215 (Bankr. N.D. Ill. 2000) (assumption or rejection of executory contract);

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan of reorganization but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a bankruptcy case; *see U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re U.S. Abatement Corp.),* 79 F.3d 393 (5th Cir. 1996) (dispute over amount of creditor's claim and recoupment rights is core proceeding); S.G. *Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.),* 45 F.3d 702, 705 (2d Cir. 1995) (determination of state claim against debtor); *In re Gurry,* 253 B.R. 406 (Bankr. E.D. Va. 2000) (objection to exemptions); *In re Trident Shipworks, Inc.,* 247 B.R. 513 (Bankr. M.D. Fla. 2000) (claim estimation proceeding);

(C) counterclaims by the estate against "persons" filing claims against estate; *see Lombard- Wall Inc. v. NY. City Housing Dev. Corp. (In re Lombard-Wall Inc.),* 48 B.R. 986 (S.D.N.Y. 1985); *In re RBGSC Inv. Corp.,* 253 B.R. 369 (E.D. Pa. 2000); *Colvardv. Gulf States Drilling Co. (In re Bar M Petroleum Co.),* 63 B.R. 343 (Bankr. W.D. Tex. 1986); *see also Katchen v. Landy,* 382 U.S. 323 (1966). *But see Kamine/Besicorp Allegany, L.P. v. Rochester Gas & Elec. Co. (In re Kamine/Besicorp Allegany, L.P.),* 214 B.R. 953, 972 (Banlcr. D.N.J. 1997) (subsequent filing of "protective" or "defensive" proof of claim does not convert debtor's complaint from non-core to core proceeding). Note: 11 U.S.C. § 101(41) definition of "person" does not include "governmental units";

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate; *see McClatchey* v. *Ohio Pub. Employees Defe"ed Comp. Program (In re Matheney),* 138 B.R. 541 (Banlcr. S.D. Ohio 1992); *Fisher* v. *Ins. Co. of Pa. (In re Pied Piper Casuals), Inc.,* 50 B.R. 549 (Banlcr. S.D.N.Y. 1985). *But see Roddam*

v. *Metro Loans, Inc. (In re Roddam),* 193 B.R. 971 (Banlcr. N.D. Ala. 1996) (unliquidated, disputed state law claim is non-core, related to proceeding and not properly the subject of a turnover order);

(F) proceedings to determine, avoid or recover preferences; *see John E. Burns Drilling Co.* v. *Central Bank of Denver,* 739 F.2d 1489 (10th Cir. 1984); *Country Junction, Inc.* v. *Levi Strauss & Co. (In re Country Junction), Inc.,* 41 B.R. 425 (W.D. Tex. 1984), *aff'd,* 798 F.2d 1410 (5th Cir. 1986); *Wechsler* v. *Squadron, Ellenoff, Plesent & Sheinfeld L.L.P.,* 201 B.R. 635 (S.D.N.Y. 1996). *But seeGranfinanciera, S.A.* v. *Nordberg,* 492 U.S. 33 (1989) (suggesting that not all "core proceedings" are "public rights" for purposes of Article III analysis);

(G) motions to terminate, annul or modify the automatic stay; *Divane* v. *A & C Elec. Co.,* 193 B.R. 856 (N.D. Ill. 1996);

(H) proceedings to determine, avoid, or recover fraudulent conveyances; *see Duck* v. *Munn (In re Mankin),* 823 F.2d 1296 (9th Cir. 1987). *But see Granfinanciera, supra;*

(I) determinations as to the dischargeability of particular debts; *LTV Steel Co.* v. *Union Carbide Corp. (In re Chateaugay Corp.),* 193 B.R. 669 (S.D.N.Y. 1996) (action to determine dischargeability ofCERCLA liability is "core" proceeding); *Martin* v. *Stoddard (In re Stoddard),* 248 B.R. 111 (Banlcr. N.D. Ohio 2000); *Fraley* v. *United States Dep't of Educ. (In re Fraley),* 247

B.R. 417 (Banlcr. N.D. Ohio 2000) (dischargeability of student loan debt);

(J) objections to discharges; *Wechsler v. Squadron, El/eno.ff, Plesent & Sheinfeld L.L.P.*, 201 B.R. 635 (S.D.N.Y. 1996); *French v. Miller (In re Miller)*, 247 B.R. 704 (Banlcr. N.D. Ohio 2000);

(K) determinations of the validity, extent, or priority of liens; *see In re Weaver*, 248 B.R. 106 (Banlcr. N.D. Ohio 2000); *Diversified Mortgage Co. v. Gold (In re Gold)*, 247 B.R. 574 (Banlcr. D. Mass. 2000); *In re Sims*, 181 B.R. 125, 127 n.2 (Banlcr. N.D. Ala. 1995) (only applies to liens on property of the estate);

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(0) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; *see St. Clare's Hosp. & Health Ctr. v. Ins. Co. of N. Am. (In re St. Clare's Hosp. & Health Care Ctr.)*, 934 F.2d 15 (2d Cir. 1991) (action for declaratory judgment that insurer was obligated to defend medical malpractice action); *Kirk v. Hendon (In re Heinsohn)*, 247 B.R. 237 (E.D. Tenn. 2000) (proceeding is "core" if it invokes substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of bankruptcy); *Artra Group, Inc. v. Salomon Bros. Holding Co.(In re Emerald Acquisition Corp.)*, 170 B.R. 632 (Banlcr. N.D. Ill. 1994) ("core" matters are ones with which bankruptcy court has greater familiarity and expertise than the district court); *New Magma I"igation & Drainage Dist. v. Bd. of Supervisors (In re New Magma I"igation & Drainage Dist.)*, 193 B.R. 528 (Banlcr. D. Ariz. 1994) ("catch-all"

definitions of core proceedings should be relied on with great care and caution.

Debtor Hazan agrees with David Langley that Bankruptcy Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A). The bankruptcy Court has retained jurisdiction to determine the rights to the Debtor's Fisher Island Property. As such, this complaint presents a core matter. *In re 160 Royal Palm, LLC,* No. 18-19441-EPK.

The bankruptcy court has jurisdiction over this dispute of the administrative fees allegedly incurred by attorney David Langley under 28 U.S.C. §§ 157 and 1334. A charging lien motion presents, at a minimum, a matter "related to" administration of the bankruptcy case to which the fees relate, and so the bankruptcy Court has subject matter jurisdiction over this Charging Lien Motion. *In re 160 Royal Palm, LLC, No.* 18-19441-EPK, 2020 WL 4792094, at 1 (Bankr. S.D. Fla. May 14, 2020). 2020 WL 4792094, at 2 (Bankr. S.D. Fla. May 14, 2020) citing *In re Commonwealth Institutional Sec.,* 344 B.R. at 828. The statutory predicates in support of the relief requested herein are 11 U.S.C. § 105 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rule 2016."

The Court should also vacate the award of attorney fees in favor of Plaintiffs as Judge Altonaga remanded the first removed case for failure to pay filings fees by the due date. District Court Judge Altonaga ruled as follows in her first Remand Order in case 24-20736-ALTONAGA/Reid in this District Court:

> **THIS CAUSE** came before the Court *sua sponte.* On February 26, 2024, the Court entered an Order [ECF No. 4] denying Defendant, Sean Neil Meehan's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3]. Defendants Meehan and Elizabeth Hazan were instructed to pay the filing fee no later than February 28, 2024, "failing which the case will be remanded." (Feb. 26, 2024 Order 1). To date, the filing fee has not been paid.
> Accordingly, it is

> **ORDERED AND ADJUDGED** that the case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. All pending motions are **DENIED** as moot.

See case 24-20736-ALTONAGA/Reid Doc 6. See attached Plaintiffs' Motion to Remand

as **Exhibit "A"** and Order Remanding case attached as **Exhibit "B"**.

        **WHEREFORE,** Defendants, Liza Hazan a/k/a Elizabeth Hazan ("Hazan"), Sean Neil Meehan ("Meehan") respectfully ask the Court to Grant Defendants' Motion for Rehearing or Motion for Reconsideration of the Order on Motions to Remand ECF No. 14, under Federal Rule of Civil Procedure 60(b) and Vacate the Order on Motions to Remand ECF No. 14, under Federal Rule of Civil Procedure 60(b), Vacate the award of Attorney Fees, in favor of Plaintiffs, sanction Plaintiffs for their conduct and violations of the Confirmation Order and Discharge Order and grant such and other relief as the court may deem just and proper.

Miami, FL

Dated:  May 8, 2025.

                        Respectfully submitted,

                Sean Neil Meehan

/s/ _[signature]_

      Sean Neil Meehan 6913 Valencia Drive
      Miami, Florida 33109
      Tel: (305) 487-3580
      Email: seannmeehan@gmail.com

      Sean Neil Meehan Pro se Defendant

/s/ _[signature]_

      Liza Hazan a/k/a Elizabeth Hazan 6913 Valencia Drive
      Miami, Florida 33109
      Tel: (212) 920-6605
      Email: lizahazan77@gmail.com\

      Liza Hazan a/k/a Elizabeth Hazan Pro se Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that we filed the foregoing with the Clerk of the Court and a true and correct

copy of the foregoing was served via U.S. mail or email or ECF system to the parties on the attached

service list as indicated on this 8th day of May 2025.

Respectfully submitted,

Sean Neil Meehan

/s/

Sean Neil Meehan
Tel: (305) 487-3580
Email: seannmeehan@gmail.com

Sean Neil Meehan Pro se Defendant


Liza Hazan a/k/a Elizabeth Hazan

/s/

Liza Hazan a/k/a Elizabeth Hazan 6913
Valencia Drive
Miami, Florida 33109
Tel: (212) 920-6605
Email: lizahazan77@gmail.com\

Liza Hazan a/k/a Elizabeth Hazan Pro se Defendant


## SERVICE LIST

### VIA ECF or regular mail or email

David W. Langley, Esq. LAW OFFICES OF DAVID W. LANGLEY *Attorney for Plaintiffs*

8551 W. Sunrise Blvd., Suite 303 Plantation, Florida 33322.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 24-cv-20736-CMA**

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

Defendants.

_____/

## MOTION TO REMAND AND

## MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, David W. Langley and David W. Langley, P.A., file this Motion to Remand and Memorandum of Law in Support, and in support thereof state as follows:

1.      Plaintiffs are requesting expedited treatment of this Motion as Defendants, Elizabeth Hazan (Hazan) and Sean Meehan (Meehan), are intentionally delaying the underlying foreclosure case by filing this frivolous Notice of Removal. The issue of remand is relatively simple as the removal is untimely, there is no Federal question and both Defendants have represented to the Court below that they reside in the subject home on Fisher Island, Miami Beach, Florida.

### Motion to Remand

2.      This action was filed on October 20, 2022, as a relatively straightforward foreclosure action.

3.      Defendants then evaded service, leading to the Court's granting Plaintiffs' Motion for Authorization of Substitute Service on the Secretary of State on March 14, 2023.

4.      Defendants, initially through counsel, filed an Answer, Affirmative Defenses and Counterclaim and an Amended Answer, Affirmative Defenses and Counterclaim, both of which were replete with false and defamatory statements, threatened disciplinary proceedings against counsel and which were unnecessarily combative and disruptive.

5.      The State Court then dismissed all counts in the Amended Counterclaim by Order dated October 25, 2023.

6.      Following the entry of that Order the Defendants simply refiled the same Counterclaim, adding only a verification signed by both Defendants. Counsel for the Defendants (both attorneys Joel Aresty and Joe Grant), then moved to withdraw as counsel.

7.      A Motion to Strike the Amended Counterclaim was set for hearing on February 27, 2024, the day before the Defendants sought removal.

8.      Ironically, a Motion for Sanctions and a Motion for Order to Show Cause, both based on the delay tactics and bad faith filings of the Defendants, were also set for hearing on that date.

9.      Anticipating further delay tactics by Defendants, Plaintiffs filed a Notice of Non-Compliance on February 13, 2024, which referenced past delay tactics and stated, "The matters refenced above have been pending for months and were noticed for hearing by Notice filed December 13, 2023, and should not be continued based on a contrived emergency".

10.     The Notice of Removal by Defendants is just such a contrived emergency.  It is untimely and not based on either diversity of citizenship or Federal question, but is just another delay tactic by Defendants.

## MEMORANDUM OF LAW IN SUPPORT AND ARGUMENT

### Untimely Removal

This case was filed on October 20, 2022. Well over one year later, on February 26, 2024, Defendants filed their Notice of Removal.   28 U.S.C. §1446(c)(1) specifically states in pertinent part: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one (1) year after commencement of the action, unless the District Court finds that the Plaintiff has acted in bad faith in order to prevent Defendant from removing this action..."

No evidence of bad faith against Plaintiffs has been alleged at any point in this action and thus the one-year time frame pursuant to this section has long expired.  Further, 28 U.S.C. §1446(b)(1) states in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the Defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, whichever period is shorter." Defendants first appeared in the State Court action, through counsel, on April 25, 2023, filed a Motion to Quash on that same date, and filed their Answer and Counterclaim on August 22, 2023, well more than 30 days before removal.

The Notice of Removal provides no explanation as to why the Notice would be timely. The Notice is little more than the Defendants' Counterclaim cut and pasted into the Notice.

No Basis for Jurisdiction – Federal Question

The Defendants have checked the box for Federal Question on the Civil Cover Sheet. However, there is no federal question. Plaintiffs' Complaint is for Mortgage Foreclosure (Count I), Suit on Note (Count II), Attorney's Charging Lien - Hazan (Count III), Attorney's Charging Lien – Meehan (Count IV) and Quantum Meruit (Count V). The Complaint raises no federal questions.

Defendant Hazan claims as a defense that Plaintiffs' fee claims were discharged in her bankruptcy, despite the fact that Defendants' Exhibit C, the Fourth Amended Plan from her bankruptcy action, specifically lists Plaintiff, David W. Langley, at page 4 of 31, where it states, "David W. Langley Paid as awarded or Agreed". Defendants' own exhibit establishes that Plaintiffs' fee claim was "provided for" in Hazan's Plan and therefore not discharged.

Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Campbell v. Hampton Roads Bankshares, Inc.,* 925 F. Supp. 2d 800, 803 (E.D. Va. 2013), citing *Venezuela,* 525 F.Supp.2d at 784 (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

A defense, including "the pre-emptive effect of a federal statute[,] ... will not provide a basis for removal," absent a statutory exception or complete preemption. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6–8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), and later holding that the National Bank Act completely preempted state usury actions against national banks). Consequently, "the plaintiff is the master of his claim, and may avoid federal jurisdiction by relying exclusively on [un-preempted] state law." *Venezuela,* 525 F.Supp.2d at 785 (citing *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92

L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")). *Campbell v. Hampton Roads Bankshares, Inc.*, at 804 (E.D. Va. 2013).

<u>No Diversity of Citizenship</u>

Defendants also claim in their Notice that there is complete diversity of citizenship. That is also incorrect, as Defendant Hazan states that she resides in Miami-Dade County, Florida[1]. As the Eleventh Circuit has made clear, "with regard to whether the parties are diverse, removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.' " *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11th Cir. 2000) (citing *Coker v. Amoco Oil*, 709 F.2d 1433 (11th Cir. 1983)). A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *Roberts v. Clifford*, No. 20-80771-CIV, 2020 WL 4350727, at *1 (S.D. Fla. July 29, 2020).

"This makes sense. Section 1441(b)(2), after all, does not carve out an exception to the diversity requirements of § 1332; it simply adds an additional requirement that applies only in removal cases. Its first clause—"a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a)"—points out that cases removed on diversity grounds, like diversity cases originally filed in federal court, must meet the strictures of § 1332—which is to say that the parties must be completely diverse. See 28 U.S.C. § 1441(b)(2). The second clause adds that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a

---

[1] Note that counsel for the Defendants advised Plaintiffs on December 14, 2023, concerning Defendant Meehan, that "he does not have another address except Valencia" (the Fisher Island address) and on December 14, 2023, that "he stays at the house". The Order Granting Motion to Withdraw for Joel Aresty dated December 14, 2023, also lists the address for Sean Meehan as 6913 Valencia Drive, Miami Beach, FL 33109.

citizen of the State in which such action is brought." Id. This second clause, in other words, adds (in removal cases only) the forum-defendant rule to the otherwise-generally-applicable requirement of complete diversity". *Roberts v. Clifford*, No. 20-80771-CIV, 2020 WL 4350727, at 2 (S.D. Fla. July 29, 2020).

## <u>MOTION FOR THE AWARD OF ATTORNEYS FEES</u>

When a case is remanded due to improper removal, the court may award the plaintiff attorney's fees and costs. See 28 U.S.C. § 1447(c). The Supreme Court has established a standard to guide district courts in deciding whether to award attorney's fees and costs upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (alteration added). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. *Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1344 (S.D. Fla. 2019).

Here the Notice of Removal is completely lacking in basis or good faith. It was clearly filed for purposes of delay. As stated by this Court on similar facts in the *Bentley* case, "In sum, every basis Defendant has offered for the existence of subject matter jurisdiction over Plaintiff's Complaint is without merit. Removal was objectively unreasonable from the beginning. The Court thus grants Plaintiff's request for an award of attorney's fees. See *Owens v. Moreland*, No. 2:15-cv-80-FtM-29DNF, 2015 WL 2200352, at *2 (M.D. Fla. May 11, 2015) (granting request for at-

torney's fees under 28 U.S.C. section 1447(c) where removal "was unreasonable from the beginning" and "there was no federal claim or any arguable basis for a federal issue."). *Bentley v. Miami Air Int'l, Inc.*, at 1346.

## <u>CONCLUSION</u>

The removal by Defendants is just another ploy by Defendants to delay this case. Plaintiffs have outlined in the Renewed Motion for Order to Show Cause filed October 5, 2023, the numerous efforts at delay by Defendants in the underlying foreclosure case, the Chase foreclosure (delayed for over ten years) and numerous other cases in which Defendant Hazan is involved. There is no basis here for removal. The Notice of Removal is untimely, lacks any basis for jurisdiction in the Federal Court, and is completely lacking in any good faith on the part of Defendants. The Defendants merely wanted to avoid the hearing set for the following day. The case should be remanded to the State Court and Plaintiffs awarded their reasonable attorney's fees and costs.

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DAVID W. LANGLEY, P.A.
Attorneys for Plaintiffs
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33322

Email: dave@flalawyer.com

_/s/ David W. Langley_____
DAVID W. LANGLEY
Florida Bar No. 248379

## SERVICE LIST

Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-20736-CIV-ALTONAGA/Reid

**DAVID W. LANGLEY**, *et al.*,

      Plaintiffs,

vs.

**ELIZABETH HAZAN**, *et al.*,

      Defendants.

_____/

### ORDER

**THIS CAUSE** came before the Court *sua sponte*. On February 26, 2024, the Court entered an Order [ECF No. 4] denying Defendant, Sean Neil Meehan's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3]. Defendants Meehan and Elizabeth Hazan were instructed to pay the filing fee no later than February 28, 2024, "failing which the case will be remanded." (Feb. 26, 2024 Order 1). To date, the filing fee has not been paid.

Accordingly, it is

**ORDERED AND ADJUDGED** that the case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 29th day of February, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Defendants, *pro se*