UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21172-CIV-SANCHEZ

DAVID W. LANGLEY and DAVID W.
　LANGLEY, P.A.,

Plaintiffs,

v.

LIZA HAZAN a/k/a ELIZABETH HAZAN, and
SEAN NEIL MEEHAN,

　　　　　Plaintiffs/Appellees.
_____/

FILED BY_____D.C.
MAY 19 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

LIZA HAZAN A/K/A ELIZABETH HAZAN,
AND SEAN NEIL MEEHAN'S OPPOSITION TO
PLAINTIFFS' MOTION FOR AWARD FOR
ATTORNEY FEES AND MOTION TO TRANSFER
CASE TO A DISTRICT COURT JUDGE

　　　　Elizabeth Hazan, a/k/a Liza Hazan, ("Hazan") and Sean Neil Meehan ("Meehan"), *Pro Se* Defendants ("Defendants"), in the above named case, file their opposition to Plaintiffs' Motion for Attorney Fees ECF No. 20 (the "Order") filed on the 5th day of May, 2025 and recorded on the docket on the 5th day of May 2025, and respectfully request that the case be heard by a District Court Judge. In support, Defendants respectfully state as follows:

　　　　On May 8, 2025, Elizabeth Hazan, a/k/a Liza Hazan, and Sean Neil Meehan, timely moved for Rehearing of the Order Granting in part and Denying in part Plaintiffs' Expedited Motion to Remand and Request for Sanctions; and granting in part and Denying in part Plaintiffs' Supplemental Motion to Remand ("the Order on Motions to Remand") ECF No. 14 ECF No. 22.

　　　　The Court should not entertain Plaintiffs' Motion for Attorney Fees ECF No. 20 until the Court resolves the Defendants' Motion for Reconsideration ECF No. 22.

　　　　Moreover, the Court should deny Plaintiffs' motion as it violates the Order of this Court, Order Granting in part and Denying in part Plaintiffs' Expedited Motion to Remand and Request for

Sanctions; and granting in part and Denying in part Plaintiffs' Supplemental Motion to Remand ECF No. 14 entered on April 24, 2025.

The Court ordered at page 6 of the Order ECF No. 14:

"Accordingly, Plaintiffs' request for attorney's fees is **GRANTED,** and the Plaintiffs shall be awarded the reasonable attorney's fees incurred in preparing Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and their Reply in support of that motion, ECF No. 13. However, the Court finds that Plaintiffs have failed to establish an entitlement to any other relief or sanction."

The Court ordered at page 7 of the Order as follows:

(1) Plaintiff's Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Plaintiffs' Supplemental Motion to Remand, ECF No. 7, are **GRANTED IN PART and DENIED IN PART**;
(2) This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;
(3) Within fourteen (14) days of this Order, that is, by May 8, 2025, Plaintiffs may file a motion for reasonable attorney's fees that documents both **the time reasonably spent on the preparation of Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Plaintiffs' Reply in support of that motion, ECF No. 13, and the hourly rate(s) claimed for such work**; and
(4) All other pending motions are **DENIED AS MOOT**.

Plaintiffs are trying to mislead the Court by including time spent on Plaintiffs' Supplemental Motion to Remand in violation of the Court's Order specifically rejecting the Plaintiffs' Request for attorney fees for the filing of Supplemental Motion to Remand to State Court ECF No. 7 See ECF No. 14. The Court specifically found that "Plaintiffs have failed to establish an entitlement to any other relief or sanction" see page 6 of the Order ECF No. 14.

Plaintiff billed 1.4 hour time to Prepare Supplemental Motion to Remand on March 17, 2025 See Motion for Attorney fees ECF No. 20 in violation of the Order that only awarded time spent on Plaintiffs' Motion to Remand and Plaintiffs' reply. Plaintiffs' request for 5.9 hours is in contravention of the court's order and the Court should reject 1.4 hours to prepare Supplemental Motion to Remand. Plaintiff needs to amend his Motion for Award for Attorney fees as I is filed in contravention of the Order ECF No. 14. The maximum total amount of hours that Plaintiff may seek is 4.5 hours which should alos be denied as explained below assuming the Court denies the Defendants' Motion for Rehearing.

Also, the hourly rate of $400 is not reasonable it should be a maximum of $300 hourly rate.

Finally Plaintiffs did not spend 4.5 hours as the motion to Remand is identical as the Motion to Remand filed by Plaintiffs in the previous removed case. See attached Motion to Remand filed by Plaintiffs in the previous removed case from State Court to Federal Court. attached as **Exhibit "A"**.

The Court should reject Plaintiff's Motion for Award for Attorney fees and Vacate the Order awarding Plaintiff's Attorney fees, Vacate the Order Granting Plaintiffs' request for attorney's fees and Order Awarding the reasonable attorney's fees incurred in preparing Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and their Reply in support of that motion, ECF No. 13. Moreover, in 2024, the Court previously remanded the case for failure to pay and not on the merits. See attached as **Exhibit "B"**.

Finally, Defendants are respectfully requesting the Court to refer the matter to a District Court judge as they do not consent the Magistrate's rulings and presiding over the matter.

WHEREFORE, Defendants Elizabeth Hazan, a/k/a Liza Hazan, and Sean Neil Meehan, are respectfully requesting the Court to transfer the case to a District Court judge and ask the Court to Deny Plaintiffs' Motion for Award of Attorney Fees, and Granting such further relief as the Court may deem just and equitable.

May 19, 2025

Respectfully submitted,

Elizabeth Hazan, a/k/a Liza Hazan,
and Sean Neil Meehan's Notice of
Appeal Case No. 25-21172-EIS

Respectfully submitted,

Elizabeth Hazan

By: _____
Liza Hazan a/k/a
Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
*Via US Mail*

Sean Neil Meehan

By: _____
Sean Meehan
*Pro se Defendant*
*Via US Mail*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email or U.S. Mail to the parties on the attached service list as indicated on this 19th day of May of, 2025.

Elizabeth Hazan

By: _____
Liza Hazan a/k/a
Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
*Via US Mail*

Elizabeth Hazan, a/k/a Liza Hazan,
and Sean Neil Meehan's Notice of
Appeal Case No. 25-21172-EIS


Sean Neil Meehan

By: *[signature]*
Sean Meehan
*Pro se Defendant*
*Via US Mail*


## SERVICE LIST

**Via CM/ECF/Email**

**DAVID W. LANGLEY and DAVID W. LANGLEY, P.A.,**

David W. Langley on behalf of Plaintiffs **DAVID W. LANGLEY and**

**DAVID W. LANGLEY, P.A.,**

dave@flalawyer.com, emily@flalawyer.com;

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-cv-20736-CMA

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

Defendants.

_____/

## MOTION TO REMAND AND
## MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, David W. Langley and David W. Langley, P.A., file this Motion to Remand and Memorandum of Law in Support, and in support thereof state as follows:

1. Plaintiffs are requesting expedited treatment of this Motion as Defendants, Elizabeth Hazan (Hazan) and Sean Meehan (Meehan), are intentionally delaying the underlying foreclosure case by filing this frivolous Notice of Removal. The issue of remand is relatively simple as the removal is untimely, there is no Federal question and both Defendants have represented to the Court below that they reside in the subject home on Fisher Island, Miami Beach, Florida.

### Motion to Remand

2. This action was filed on October 20, 2022, as a relatively straightforward foreclosure action.

3. Defendants then evaded service, leading to the Court's granting Plaintiffs' Motion for Authorization of Substitute Service on the Secretary of State on March 14, 2023.

4. Defendants, initially through counsel, filed an Answer, Affirmative Defenses and Counterclaim and an Amended Answer, Affirmative Defenses and Counterclaim, both of which were replete with false and defamatory statements, threatened disciplinary proceedings against counsel and which were unnecessarily combative and disruptive.

5. The State Court then dismissed all counts in the Amended Counterclaim by Order dated October 25, 2023.

6. Following the entry of that Order the Defendants simply refiled the same Counterclaim, adding only a verification signed by both Defendants. Counsel for the Defendants (both attorneys Joel Aresty and Joe Grant), then moved to withdraw as counsel.

7. A Motion to Strike the Amended Counterclaim was set for hearing on February 27, 2024, the day before the Defendants sought removal.

8. Ironically, a Motion for Sanctions and a Motion for Order to Show Cause, both based on the delay tactics and bad faith filings of the Defendants, were also set for hearing on that date.

9. Anticipating further delay tactics by Defendants, Plaintiffs filed a Notice of Non-Compliance on February 13, 2024, which referenced past delay tactics and stated, "The matters refenced above have been pending for months and were noticed for hearing by Notice filed December 13, 2023, and should not be continued based on a contrived emergency".

10. The Notice of Removal by Defendants is just such a contrived emergency. It is untimely and not based on either diversity of citizenship or Federal question, but is just another delay tactic by Defendants.

## MEMORANDUM OF LAW IN SUPPORT AND ARGUMENT

<u>Untimely Removal</u>

This case was filed on October 20, 2022. Well over one year later, on February 26, 2024, Defendants filed their Notice of Removal. 28 U.S.C. §1446(c)(1) specifically states in pertinent part: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one (1) year after commencement of the action, unless the District Court finds that the Plaintiff has acted in bad faith in order to prevent Defendant from removing this action..."

No evidence of bad faith against Plaintiffs has been alleged at any point in this action and thus the one-year time frame pursuant to this section has long expired. Further, 28 U.S.C. §1446(b)(1) states in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the Defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, whichever period is shorter." Defendants first appeared in the State Court action, through counsel, on April 25, 2023, filed a Motion to Quash on that same date, and filed their Answer and Counterclaim on August 22, 2023, well more than 30 days before removal.

The Notice of Removal provides no explanation as to why the Notice would be timely. The Notice is little more than the Defendants' Counterclaim cut and pasted into the Notice.

<u>No Basis for Jurisdiction – Federal Question</u>

The Defendants have checked the box for Federal Question on the Civil Cover Sheet. However, there is no federal question. Plaintiffs' Complaint is for Mortgage Foreclosure (Count I), Suit on Note (Count II), Attorney's Charging Lien - Hazan (Count III), Attorney's Charging Lien – Meehan (Count IV) and Quantum Meruit (Count V). The Complaint raises no federal questions.

Defendant Hazan claims as a defense that Plaintiffs' fee claims were discharged in her bankruptcy, despite the fact that Defendants' Exhibit C, the Fourth Amended Plan from her bankruptcy action, specifically lists Plaintiff, David W. Langley, at page 4 of 31, where it states, "David W. Langley Paid as awarded or Agreed". Defendants' own exhibit establishes that Plaintiffs' fee claim was "provided for" in Hazan's Plan and therefore not discharged.

Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Campbell v. Hampton Roads Bankshares, Inc.*, 925 F. Supp. 2d 800, 803 (E.D. Va. 2013), citing *Venezuela*, 525 F.Supp.2d at 784 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

A defense, including "the pre-emptive effect of a federal statute[,] ... will not provide a basis for removal," absent a statutory exception or complete preemption. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), and later holding that the National Bank Act completely preempted state usury actions against national banks). Consequently, "the plaintiff is the master of his claim, and may avoid federal jurisdiction by relying exclusively on [un-preempted] state law." *Venezuela*, 525 F.Supp.2d at 785 (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92

L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")). *Campbell v. Hampton Roads Bankshares, Inc.,* at 804 (E.D. Va. 2013).

No Diversity of Citizenship

Defendants also claim in their Notice that there is complete diversity of citizenship. That is also incorrect, as Defendant Hazan states that she resides in Miami-Dade County, Florida[1]. As the Eleventh Circuit has made clear, "with regard to whether the parties are diverse, removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.' " *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11th Cir. 2000) (citing *Coker v. Amoco Oil*, 709 F.2d 1433 (11th Cir. 1983)). A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."); *Howell by Goerdt v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997). *Roberts v. Clifford*, No. 20-80771-CIV, 2020 WL 4350727, at *1 (S.D. Fla. July 29, 2020).

"This makes sense. Section 1441(b)(2), after all, does not carve out an exception to the diversity requirements of § 1332; it simply adds an additional requirement that applies only in removal cases. Its first clause—"a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a)"—points out that cases removed on diversity grounds, like diversity cases originally filed in federal court, must meet the strictures of § 1332—which is to say that the parties must be completely diverse. See 28 U.S.C. § 1441(b)(2). The second clause adds that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a

---

[1] Note that counsel for the Defendants advised Plaintiffs on December 14, 2023, concerning Defendant Meehan, that "he does not have another address except Valencia" (the Fisher Island address) and on December 14, 2023, that "he stays at the house". The Order Granting Motion to Withdraw for Joel Aresty dated December 14, 2023, also lists the address for Sean Meehan as 6913 Valencia Drive, Miami Beach, FL 33109.

citizen of the State in which such action is brought." Id. This second clause, in other words, adds (in removal cases only) the forum-defendant rule to the otherwise-generally-applicable requirement of complete diversity". *Roberts v. Clifford*, No. 20-80771-CIV, 2020 WL 4350727, at 2 (S.D. Fla. July 29, 2020).

## MOTION FOR THE AWARD OF ATTORNEYS FEES

When a case is remanded due to improper removal, the court may award the plaintiff attorney's fees and costs. See 28 U.S.C. § 1447(c). The Supreme Court has established a standard to guide district courts in deciding whether to award attorney's fees and costs upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (alteration added). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. *Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1344 (S.D. Fla. 2019).

Here the Notice of Removal is completely lacking in basis or good faith. It was clearly filed for purposes of delay. As stated by this Court on similar facts in the *Bentley* case, "In sum, every basis Defendant has offered for the existence of subject matter jurisdiction over Plaintiff's Complaint is without merit. Removal was objectively unreasonable from the beginning. The Court thus grants Plaintiff's request for an award of attorney's fees. See *Owens v. Moreland*, No. 2:15-cv-80-FtM-29DNF, 2015 WL 2200352, at *2 (M.D. Fla. May 11, 2015) (granting request for at-

torney's fees under 28 U.S.C. section 1447(c) where removal "was unreasonable from the beginning" and "there was no federal claim or any arguable basis for a federal issue."). *Bentley v. Miami Air Int'l, Inc.*, at 1346.

## CONCLUSION

The removal by Defendants is just another ploy by Defendants to delay this case. Plaintiffs have outlined in the Renewed Motion for Order to Show Cause filed October 5, 2023, the numerous efforts at delay by Defendants in the underlying foreclosure case, the Chase foreclosure (delayed for over ten years) and numerous other cases in which Defendant Hazan is involved. There is no basis here for removal. The Notice of Removal is untimely, lacks any basis for jurisdiction in the Federal Court, and is completely lacking in any good faith on the part of Defendants. The Defendants merely wanted to avoid the hearing set for the following day. The case should be remanded to the State Court and Plaintiffs awarded their reasonable attorney's fees and costs.

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DAVID W. LANGLEY, P.A.
Attorneys for Plaintiffs
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33322

Email: dave@flalawyer.com

   /s/ *David W. Langley*
DAVID W. LANGLEY
Florida Bar No. 248379

## SERVICE LIST

Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20736-CIV-ALTONAGA/Reid

DAVID W. LANGLEY, et al.,

    Plaintiffs,

vs.

ELIZABETH HAZAN, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On February 26, 2024, the Court entered an Order [ECF No. 4] denying Defendant, Sean Neil Meehan's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3]. Defendants Meehan and Elizabeth Hazan were instructed to pay the filing fee no later than February 28, 2024, "failing which the case will be remanded." (Feb. 26, 2024 Order 1). To date, the filing fee has not been paid.

Accordingly, it is

**ORDERED AND ADJUDGED** that the case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 29th day of February, 2024.

                                                    *Cecilia M. Altonaga*
                                                  **CECILIA M. ALTONAGA**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

cc: Defendants, *pro se*