**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 25-cv-21172-EIS**

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

 Defendants.

_____/

**PLAINTIFFS' RENEWED MOTION FOR AWARD OF ATTORNEYS FEES**

**And**

**RENEWED MOTION FOR ADDITIONAL SANCTIONS**

   Plaintiffs, David W. Langley and David W. Langley, P.A., move for an award of attorney's

fees pursuant to the Court's Order Remanding Case, ECF 14, and for sanctions, and in support

thereof state as follows:

   1.     The Plaintiffs have spent the following amounts of time seeking remand of this case

to the State Court:

| | | |
|---|---|---|
| 3/12/2025 | Review Notice of Removal, prepare Motion to Remand | 2.4 |
| 3/13/2025 | Prepare Consent to Magistrate Judge | .3 |
| 3/17/2025 | Prepare Supplemental Motion to Remand | 1.4 |
| 3/28/2025 | Prepare Reply to Response to Motion to Remand | 1.8 |
| 5/5/2025 | Prepare Motion for Fees | 1.2 |
| 5/16/2025 | Prepare Renewed Motion for Sanctions | 2.6 |

| 11/3/2025 | Prepare Motion to Dismiss Appeal | 1.6 |
|---|---|---|
| Total: | | 11.1 |

2.      Plaintiffs are seeking 11.0 hours at counsel's normal hourly rate of $400.00 per hour for a total of $4,400.00.

3.      The Eleventh Circuit Court of Appeals has dismissed the appeal of this Court's Order of Dismissal (ECF 44).  Pursuant to ECF 42 Plaintiffs are entitled to refile this motion.

## RENEWED MOTION FOR SANCTIONS

4.      This Court previously granted in part Plaintiffs' Expedited Motion to Remand (ECF 7) by order dated April 24, 2025 (ECF 14).  In that Order the Court remanded the case and authorized the Plaintiffs to file a motion for reasonable attorney's fees.  However, the Court denied Plaintiffs' request for additional sanctions. The Plaintiffs request the Court revisit that request for the reasons that follow.

This Case

5.      This was the second untimely and frivolous Notice of Removal filed in this case.  Defendants filed a previous Notice of Removal in this case which was promptly remanded.  See Case No. 4-20736-CIV-ALTONAGA/Reid, and particularly Docket Entry 7-1, remanding the case to the Eleventh Circuit Court.

6.      Following this Court's Order remanding the case Hazan filed a frivolous Notice of Appeal.  As stated in Plaintiffs' Motion to Dismiss Appeal, 28 USC Section 1447(d) provides that an order remanding a case based on an untimely notice of removal is not reviewable on appeal.  When the deadline came for Hazan to pay an appellate filing fee she dismissed the appeal. See ECF 23.

7.      Hazan, apparently in anticipation of dismissing the appeal, filed a frivolous Motion for Rehearing. That motion did not provide any basis for rehearing by this Court.  It was clearly just another delay tactic.

8.      Hazan claimed in her Response to Expedited Motion to Remand, ECF 12, that this case should be transferred to her former Bankruptcy Case, Case No. 16-10389-RAM.  However, that bankruptcy case was subsequently closed without any request by Hazan for the Bankruptcy Court to take notice of this case.

9.      Absent a restrictive order by this Court Ms. Hazan will almost certainly file a third Notice of Removal once Plaintiffs' foreclosure case is again set for trial, as she has done in the Valencia case – see below.

### *Chase Bank v Hazan*

10.     Defendant Hazan also filed a Notice of Removal in her twelve-year old first mortgage foreclosure case. See Case No.   25-cv-20815-BLOOM-Lett. That case was remanded the following day.  The Chase foreclosure case still has not gone to trial because of Hazan's continuing efforts to delay.

### *Valencia Homeowners' Association v Hazan*

11.     Hazan has also filed multiple Notices of Removal in the foreclosure case filed by her homeowners' association.  Valencia Homeowners' Association Motion to Deem Defendants Vexatious Litigants can be found at ECF 24-3.  That Motion details Valencia's efforts to collect on a 2016 Stipulation of Settlement, including by filing a foreclosure action on March 23, 2022. Valencia's Motion requests the same relief as the Plaintiffs herein – that the Court prevent Hazan from filing yet another Notice of Removal.   The Valencia Motion details the procedural history

of three frivolous removals, stating, "Hazan uses Notice of Removal as a tool to impede State Court proceedings".

<u>Other Litigation</u>

12. ECF 24-4 is Plaintiffs' Motion to Deem Hazan a Habitual Litigant from the State Court proceedings. That Motion not only details Hazan's disruptive actions in the case below, but also her actions in many other cases, including a Delaware Bankruptcy Court case in which Hazan was described by the Bankruptcy Trustee as having "abused our judicial system with nonsensical filings, blatant misrepresentations, and an outright lack of decency for over 12 years".

**<u>Renewed Request for Additional Sanctions</u>**

13. The Plaintiffs again request that the Court direct the Clerk to refuse for filing any further Notices of Removal from either of these litigants. Restrictions such as this have been up-held in other Federal Courts.  See *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (This Court has upheld pre-filing screening restrictions on litigious plaintiffs. *Copeland v. Green*, 949 F.2d 390 (11th Cir.1991); *Cofield v. Alabama Public Serv. Comm.,* 936 F.2d 512, 517–18 (11th Cir.1991).  See also the Memorandum of Law contained in the Valencia Motion, ECF 24-3.

**<u>Conclusion</u>**

14. Absent these requested sanctions Hazan will continue to file frivolous notices of removal and frivolous appeals until restricted from doing so by the courts.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 8, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

in some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

DAVID W. LANGLEY, P.A.
Attorneys for Plaintiffs
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33322

Email: dave@flalawyer.com

__/s/ *David W. Langley*_____
DAVID W. LANGLEY
Florida Bar No. 248379

## SERVICE LIST

Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com