UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 25-cv-21172-EIS

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

Defendants.

_____/

FILED BY _____ D.C.

JUL 27 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME

Defendants Elizabeth Hazan and Sean Meehan respectfully move, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for leave to file the accompanying Response in Opposition to Plaintiffs' Renewed Motion for Attorney's Fees and Renewed Motion for Additional Sanctions after the expiration of the response deadline, and state as follows:

1. The response was due on July 22, 2026.

2. Defendants' failure to file by that date was the result of excusable neglect within the meaning of Rule 6(b)(1)(B), and was not willful or undertaken in bad faith.

3. During the period immediately preceding the deadline, Defendants were simultaneously preparing and filing a Motion for Panel Rehearing before the United States Court of Appeals for the Eleventh Circuit arising from the same underlying litigation and addressing related jurisdictional and procedural issues. The preparation of that filing required substantial attention to the appellate record, legal research, and jurisdictional issues that overlap with the matters raised in Plaintiffs' motion.

4. Defendants are self-represented litigants and have been required to respond

simultaneously to multiple proceedings in both the district court and the Court of Appeals. The overlap of those proceedings, together with the demands of preparing the rehearing motion, resulted in the inadvertent failure to file the present response by the deadline.

5. The delay has been brief.

6. Plaintiffs will suffer no prejudice from allowing this Response to be considered on its merits. The issues presented involve legal questions already extensively briefed, and consideration of the Response will not materially delay the proceedings.

7. The Supreme Court has instructed that "excusable neglect" is an equitable determination requiring consideration of all relevant circumstances, including:

   - the danger of prejudice to the opposing party;
   - the length of the delay and its impact on judicial proceedings;
   - the reason for the delay;
   - and whether the movant acted in good faith.

Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).

8. The Eleventh Circuit likewise recognizes that Rule 6(b) should be applied equitably where a short delay results from excusable neglect rather than bad faith or intentional disregard of court deadlines. See Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

9. Defendants have acted in good faith and promptly filed the accompanying Response upon completion of the related appellate filing.

WHEREFORE, Defendants respectfully request that the Court grant leave to file the accompanying Response Out of Time and consider it on its merits.

Respectfully sunmitted,

By: /s/Liza
Hazan
  Liza Hazan
  a/k/a
  Elizabeth
  Hazan
  6913 Valencia
  Drive Miami,
  FL 33109 *Pro
se*

*Defendant*
**Via US Mail**

Sean Neil Meehan
By: /s/ Sean Meehan
Sean Meehan
*Pro       se*
*Defendant*
***Via US Mail***

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/Liza Hazan
  Liza Hazan a/k/a Elizabeth Hazan
  6913 Valencia Drive Miami, FL 33109 *Pro se*

*Defendant*

**Via US Mail**

Sean Neil Meehan
By: /s/ Sean Meehan
Sean Meehan
*Pro        se*
*Defendant*
**Via US Mail**

## SERVICE LIST

David W. Langley dave@flalawyer.com; emily@flalawyer.com
Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 25-cv-21172-EIS

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES AND RENEWED MOTION FOR ADDITIONAL SANCTIONS

Defendants Elizabeth Hazan and Sean Meehan respectfully oppose Plaintiffs' Renewed Motion for Attorney's Fees and Renewed Motion for Additional Sanctions and state:

## INTRODUCTION

Plaintiffs seek far more than reimbursement of attorney's fees under 28 U.S.C. §1447(c). They seek an extraordinary pre-filing injunction permanently restricting Defendants' statutory right to remove future cases to federal court.

This Court has already rejected that request.

The Court's April 24, 2025 Order expressly denied Plaintiffs' request for additional sanctions. Plaintiffs now attempt to relitigate the identical issue without satisfying any legal standard for reconsideration and without presenting materially new evidence.

Their motion should be denied.

Moreover, attorney's fees under §1447(c) are not automatic. Under Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), fees are appropriate only when the removing party lacked an objectively reasonable basis for removal. Although this Court ultimately disagreed with Defendants' jurisdictional arguments, Defendants asserted colorable federal jurisdiction based upon federal bankruptcy law and federal civil rights statutes. Unsuccessful jurisdictional arguments are not equivalent to objectively unreasonable conduct.

Plaintiffs also seek to rely upon unrelated litigation, prior bankruptcy proceedings, state court filings, and personal attacks that have no bearing on whether removal in this action was objectively reasonable.

The motion should therefore be denied in its entirety.

## I. PLAINTIFFS FAIL TO SATISFY THE STANDARD FOR RECONSIDERATION OF SANCTIONS

Plaintiffs ask the Court to "revisit" sanctions previously denied.

Federal courts uniformly hold that reconsideration is appropriate only where there has been:

- an intervening change in controlling law;

- newly discovered evidence; or

- the need to correct manifest injustice.

See Arthur v. King, 500 F.3d 1335 (11th Cir. 2007).

Plaintiffs identify none.

Instead, they merely repeat arguments previously rejected.

A motion for reconsideration may not be used to reargue issues already decided.

See:

- Arthur v. King

- Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757 (11th Cir. 2005).

The Court previously exercised its discretion by authorizing only a fee motion under §1447(c) while expressly denying further sanctions. Plaintiffs provide no legal basis to disturb that ruling.

## II. THE REMOVAL WAS NOT OBJECTIVELY UNREASONABLE

Under Martin v. Franklin Capital Corp., 546 U.S. 132 (2005):

"Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."

The Supreme Court specifically rejected automatic fee awards following remand.

The question is not whether removal succeeds.

The question is whether reasonable litigants could believe federal jurisdiction existed.

Defendants removed this action based upon:

- bankruptcy-related jurisdiction under 28 U.S.C. §1334;

- federal civil rights jurisdiction;

- federal constitutional issues;

- questions regarding enforcement of bankruptcy discharge and confirmation orders.

Although this Court rejected those arguments, they were supported by legal authority and advanced in good faith.

Numerous courts have denied fees where removal ultimately failed but jurisdictional arguments were not frivolous.

See, e.g.,

Legg v. Wyeth, 428 F.3d 1317 (11th Cir. 2005).

## III. PLAINTIFFS IMPROPERLY RELY ON OTHER CASES

Nearly half of Plaintiffs' motion concerns:

- Valencia litigation

- Chase foreclosure litigation

- Bankruptcy proceedings

- Delaware litigation

- State court litigation

None are relevant.

Rule 11 sanctions, §1927 sanctions, and inherent-power sanctions must be based upon conduct occurring before the Court in the present litigation—not allegations from unrelated lawsuits.

See

Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

(recognizing inherent powers must be exercised with restraint and discretion).

The existence of other lawsuits cannot substitute for findings of sanctionable conduct in this case.

## IV. THE REQUESTED PREFILING INJUNCTION VIOLATES DUE PROCESS

Plaintiffs seek an order directing the Clerk to refuse filing of any future Notices of Removal.

Such relief constitutes a pre-filing injunction.

The Eleventh Circuit recognizes that such injunctions are extraordinary.

While federal courts possess authority to restrict abusive litigation, any restriction must:

- be narrowly tailored;

- follow notice and opportunity to be heard;

- include detailed factual findings;

- preserve meaningful court access.

See:

Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc).

The Eleventh Circuit specifically cautioned that:

"Courts must not completely foreclose a litigant from access to the courts."

Procup, 792 F.2d at 1074.

Plaintiffs instead seek an absolute prohibition on filing future Notices of Removal.

Such relief exceeds constitutional limits.

## V. MARTIN-TRIGONA DOES NOT SUPPORT PLAINTIFFS' REQUEST

Plaintiffs cite Martin-Trigona v. Shaw.

That case involved an extraordinarily abusive litigant who had filed hundreds of meritless

lawsuits nationwide over many years.

The Eleventh Circuit emphasized that restrictions must remain narrowly tailored.

This case bears no resemblance.

There has been no finding that Defendants filed hundreds of frivolous lawsuits.

There has been no finding of bad faith.

There has been no contempt finding.

There has been no Rule 11 violation.

There has been no violation of any prior filing injunction.

Martin-Trigona therefore provides no basis for the sweeping injunction Plaintiffs request.

## VI. PLAINTIFFS FAIL TO ESTABLISH BAD FAITH

Sanctions under the Court's inherent authority require clear evidence of bad faith.

See

Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101 (2017).

The Supreme Court has repeatedly held that inherent-power sanctions are reserved for truly egregious misconduct.

Plaintiffs merely disagree with Defendants' jurisdictional arguments.

Disagreement is not bad faith.

Defendants exercised statutory rights under the removal statutes and appellate rules.

Although unsuccessful, those filings were made through legal arguments—not fraud, fabricated evidence, or intentional misconduct.

## VII. THE REQUESTED FEES ARE NOT SUFFICIENTLY SUPPORTED

Even if fees were appropriate, Plaintiffs have failed to carry their burden.

The fee applicant bears the burden of proving:

- reasonable hourly rate;

- reasonable hours;

- exercise of billing judgment.

See

Norman v. Housing Authority of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

Plaintiffs submit only a self-prepared list of hours.

They do not provide:

- contemporaneous billing records;

- invoices;

- time entries;

- billing judgment;

- evidence supporting the claimed $400 hourly rate.

The motion therefore fails under Norman.

## VIII. PLAINTIFFS IMPROPERLY SEEK FEES FOR APPELLATE WORK

Plaintiffs include time for:

Motion to Dismiss Appeal

Federal appellate fees are generally within the jurisdiction of the Court of Appeals.

The district court lacks authority to award appellate attorney's fees absent express authorization.

Time spent litigating the appeal therefore should not be included in any §1447(c) award.

## IX. EQUITY WEIGHS AGAINST FEES

The purpose of §1447(c) is compensation—not punishment.

Martin expressly cautions courts against discouraging legitimate efforts to invoke federal jurisdiction.

Defendants proceeded without intent to delay proceedings and asserted federal jurisdiction based upon genuine legal issues involving bankruptcy, federal law, and constitutional questions.

Although those arguments were ultimately rejected, they were made in good faith.

Awarding fees under these circumstances would improperly chill litigants from exercising statutory removal rights.

## X. ALTERNATIVE REQUEST

Should the Court determine that some filing restriction is warranted, Defendants respectfully request that any restriction be narrowly tailored consistent with Procup, including:

1. Limiting any restriction solely to future removal attempts involving this single state court action;

2. Requiring only leave of court before filing a future notice of removal, rather than an outright filing ban;

3. Providing written notice and an opportunity to be heard before any restriction is

imposed;

4.  Limiting any restriction to a defined period rather than permanently; and

5.  Preserving Defendants' right to seek appellate review.

## XI.  THE LAW-OF-THE-CASE DOCTRINE BARS PLAINTIFFS' RENEWED REQUEST FOR SANCTIONS

Plaintiffs seek to relitigate an issue this Court has already decided.

In its April 24, 2025 Order (ECF 14), the Court expressly authorized Plaintiffs to file a motion seeking reasonable attorney's fees under 28 U.S.C. § 1447(c), but denied Plaintiffs' request for additional sanctions. That ruling became the law of the case.

Under the law-of-the-case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case."

See This That & The Other Gift & Tobacco, Inc. v. Cobb County, 439 F.3d 1275, 1283 (11th Cir. 2006).

Departure from the doctrine is permitted only where:

*   substantially different evidence is presented;

*   controlling authority has changed; or

*   the prior decision was clearly erroneous and would result in manifest injustice.

Jackson v. Alabama State Tenure Comm'n, 405 F.3d 1276 (11th Cir. 2005).

Plaintiffs satisfy none of these exceptions.

Instead, they merely recycle the same allegations previously rejected by the Court.

The motion should therefore be denied under the law-of-the-case doctrine alone.

## XII. PLAINTIFFS IMPROPERLY SEEK TO PUNISH DEFENDANTS FOR EXERCISING STATUTORY RIGHTS

The Supreme Court has repeatedly recognized that litigants possess a statutory right to seek removal where they possess a reasonable belief federal jurisdiction exists.

Likewise, litigants possess statutory appellate rights.

Plaintiffs repeatedly characterize:

- removal,

- appeal,

- rehearing,

as sanctionable conduct.

They were not.

Neither filing a Notice of Appeal nor filing a motion for rehearing constitutes sanctionable conduct merely because the litigant is unsuccessful.

Federal courts have consistently held that sanctions cannot be imposed simply because a party loses.

See:

Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

The Supreme Court cautioned courts against "post hoc reasoning" that equates losing with frivolousness.

That is precisely what Plaintiffs urge here.

## XIII. THE REMOVAL WAS SUPPORTED BY GOOD-FAITH BANKRUPTCY JURISDICTION

Plaintiffs repeatedly characterize removal as "frivolous."

It was not.

Defendants reasonably believed this litigation implicated enforcement and interpretation of orders entered in the Chapter 11 bankruptcy proceedings.

Among the issues raised were:

- interpretation of the confirmed Chapter 11 Plan;

- enforcement of the discharge injunction;

- effect of the Final Decree;

- continuing jurisdiction retained by the Bankruptcy Court;

- administration of claims affected by confirmation.

Federal courts have repeatedly recognized that proceedings involving interpretation or enforcement of bankruptcy confirmation orders may fall within bankruptcy jurisdiction.

See:

- Travelers Indem. Co. v. Bailey, 557 U.S. 137 (2009).

- Celotex Corp. v. Edwards, 514 U.S. 300 (1995).

- In re Resorts Int'l, Inc., 372 F.3d 154 (3d Cir. 2004).

Although this Court ultimately disagreed regarding jurisdiction, those arguments were neither fanciful nor objectively unreasonable.

That alone defeats attorney's fees under Martin.

## XIV. PLAINTIFFS IMPROPERLY RELY UPON PREJUDICIAL MATERIAL OUTSIDE THE RECORD

Nearly half of Plaintiffs' motion consists of allegations regarding:

- Valencia litigation;

- Chase foreclosure;

- Delaware bankruptcy;

- unrelated motions;

- state court filings.

These matters are irrelevant.

The Court is asked only to determine:

(1) whether removal lacked an objectively reasonable basis; and

(2) whether conduct in THIS case warrants sanctions.

Rule 11 specifically requires that sanctions be based upon filings before the Court—not alleged litigation history elsewhere.

Likewise, inherent-power sanctions require misconduct occurring in the proceeding before the Court.

Plaintiffs instead ask the Court to punish Defendants based upon unrelated litigation spanning many years.

Such guilt-by-association is improper.

## XV.   PLAINTIFFS   FAIL   TO   ESTABLISH   THE   EXTRAORDINARY

**CIRCUMSTANCES REQUIRED FOR AN INHERENT-POWER SANCTION**

Federal courts possess inherent authority to sanction litigants only where there is clear evidence of subjective bad faith.

See:

Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980).

Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101 (2017).

Bad faith is not established simply because arguments fail.

Rather, there must be evidence of:

- fraud,

- intentional deception,

- abuse of judicial process,

- deliberate misconduct.

Plaintiffs identify none.

Instead, they repeatedly characterize legal arguments as "frivolous."

That is insufficient.

## XVI.    THE    REQUESTED    PREFILING    INJUNCTION    IS UNCONSTITUTIONALLY OVERBROAD

Plaintiffs ask this Court to direct the Clerk to reject any future Notices of Removal filed by Defendants.

Such relief effectively bars Defendants from exercising rights Congress created under 28

U.S.C. §§ 1441–1455.

The Eleventh Circuit has repeatedly warned that filing restrictions cannot eliminate meaningful access to federal courts.

See:

Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc).

The Court stated:

"Access to the courts is a fundamental tenet of our judicial system."

While reasonable restrictions may be imposed upon abusive litigants, courts may not impose blanket prohibitions.

The injunction Plaintiffs request is exactly such a prohibition.

## XVII. THE REQUESTED SANCTION IS NOT NARROWLY TAILORED

Even assuming arguendo that some filing restriction were appropriate, Plaintiffs request the broadest possible remedy.

They ask the Clerk to reject future Notices of Removal without judicial review.

No temporal limitation.

No subject-matter limitation.

No leave-to-file procedure.

No opportunity to demonstrate changed circumstances.

No mechanism for appellate review.

The Eleventh Circuit requires precisely the opposite.

See:

- Procup

- Martin-Trigona

- Copeland

All emphasize narrowly tailored restrictions.

## XVIII. PLAINTIFFS HAVE FAILED TO SATISFY THE LODESTAR REQUIREMENTS

The fee applicant bears the burden of proving:

- reasonable hourly rate;

- reasonable hours;

- necessity of work performed.

Norman v. Housing Authority of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

Plaintiffs merely attach a chart.

No invoices.

No contemporaneous billing records.

No affidavit establishing prevailing market rate.

No evidence counsel actually billed those hours.

No billing judgment.

The fee request therefore fails as a matter of proof.

## XIX. THE REQUESTED HOURS ARE EXCESSIVE

The Court should substantially reduce the requested hours because they include:

- preparation of a Consent to Magistrate (.3)

(clerical)

- Motion to Dismiss Appeal

(appellate work)

- duplicative research

- routine remand motion practice

- generalized sanctions work unrelated to remand.

A fee award under §1447(c) is limited to fees incurred "as a result of the removal."

Time spent pursuing sanctions, litigating appeals, or pursuing unrelated relief falls outside the statute.

## XX. PLAINTIFFS SEEK PUNITIVE RELIEF UNDER A COMPENSATORY STATUTE

Section 1447(c) exists solely to compensate.

Not punish.

The Supreme Court emphasized in Martin that courts must balance:

- discouraging improper removals; and

- preserving Congress's intent that litigants may remove where jurisdiction is reasonably debatable.

Plaintiffs seek to transform §1447(c) into a punitive sanction.

That is contrary to Martin.

## XXI. PLAINTIFFS' MOTION IS ITSELF AN ATTEMPT TO RELITIGATE

**ISSUES ALREADY DECIDED**

The Court has already:

- remanded;

- denied sanctions;

- permitted only a fee motion.

Rather than addressing attorney's fees, Plaintiffs use this motion to resurrect every allegation ever made against Defendants in unrelated proceedings.

The renewed motion reads less like a fee application and more like an attempt to obtain relief previously denied.

The Court should decline that invitation.

## XXII. Plaintiffs Omit the Good-Faith Basis for Removal Arising from the Confirmed Chapter 11 Case

Plaintiffs repeatedly label the removal "frivolous" but fail to acknowledge that Defendants' jurisdictional arguments arose from the legal effect of a confirmed Chapter 11 plan, the discharge injunction, and the Bankruptcy Court's continuing jurisdiction over enforcement of its own confirmation and discharge orders. Those issues provided a non-frivolous legal basis to invoke federal jurisdiction, even if this Court ultimately concluded that removal was not proper. Plaintiffs' omission of this context underscores why the removal cannot fairly be characterized as objectively unreasonable under *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

## XXII. Plaintiffs Omit the Good-Faith Basis for Removal Arising from the Confirmed Chapter 11 Case

Plaintiffs repeatedly label the removal "frivolous" but fail to acknowledge that Defendants' jurisdictional arguments arose from the legal effect of a confirmed Chapter 11 plan, the discharge injunction, and the Bankruptcy Court's continuing jurisdiction over enforcement of its own confirmation and discharge orders. Those issues provided a non-frivolous legal basis to invoke federal jurisdiction, even if this Court ultimately concluded that removal was not proper. Plaintiffs' omission of this context underscores why the removal cannot fairly be characterized as objectively unreasonable under *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

WHEREFORE, Defendants respectfully request that the Court Deny Plaintiffs' Renewed Motion for Attorney's Fees and Renewed Motion for Additional Sanctions, grant such and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _/s/Liza Hazan_
  Liza Hazan a/k/a Elizabeth Hazan
  6913 Valencia Drive Miami, FL 33109 *Pro se*

*Defendant*
**Via US Mail**

Sean Neil Meehan
By: /s/ Sean Meehan
Sean Meehan
*Pro        se*
*Defendant*
*Via US Mail*

## SERVICE LIST

David W. Langley dave@flalawyer.com; emily@flalawyer.com
Sean Meehan seannmeehan@gmail.com
Liza Hazan lizahazan77@gmail.com

Respectfully sunmitted,

By: /s/Liza Hazan

Liza Hazan a/k/a Elizabeth Hazan 6913 Valencia Drive Miami, FL 33109 *Pro se*

*Defendant*
**Via US Mail**

Sean Neil Meehan
By: /s/ Sean Meehan
Sean Meehan
*Pro        se*
*Defendant*
*Via US Mail*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:25-cv-21172-EIS

DAVID W. LANGLEY and DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN and SEAN MEEHAN,

Defendants.

_____/

**PROPOSED ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR ATTORNEY'S FEES AND RENEWED MOTION FOR ADDITIONAL SANCTIONS AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME**

THIS CAUSE came before the Court upon Plaintiffs' **Renewed Motion for Award of Attorney's Fees and Renewed Motion for Additional Sanctions** (ECF ___), and Defendants' Motion for Leave to File Response Out of Time and Response in Opposition thereto. The Court has reviewed the Motion, the Response, the record, and the applicable law and is otherwise fully advised in the premises.

It is hereby **ORDERED AND ADJUDGED** as follows:

1. **Defendants' Motion for Leave to File Response Out of Time is GRANTED.**

2. The Court finds that Defendants have demonstrated excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. The brief delay in filing resulted from

Defendants' simultaneous preparation and filing of a Motion for Panel Rehearing before the United States Court of Appeals for the Eleventh Circuit involving related proceedings arising from the same litigation, together with the burdens associated with concurrent litigation. The Court further finds that the delay was brief, was not the result of bad faith, and caused no substantial prejudice to Plaintiffs.

3. Plaintiffs' **Renewed Motion for Additional Sanctions is DENIED.**

4. The Court previously denied Plaintiffs' request for additional sanctions in its Order entered April 24, 2025 (ECF No. 14). Plaintiffs have not demonstrated an intervening change in controlling law, newly discovered evidence, or clear error warranting reconsideration of that ruling.

5. The Court further finds that the extraordinary relief requested by Plaintiffs, including a pre-filing injunction restricting Defendants' future access to the federal courts, is not warranted on the present record. Such relief constitutes an extraordinary remedy that must be narrowly tailored and supported by specific factual findings consistent with the requirements of due process. Plaintiffs have failed to establish the requisite factual or legal basis for such relief.

6. Plaintiffs' **Renewed Motion for Award of Attorney's Fees** pursuant to 28 U.S.C. § 1447(c) is **DENIED.**

7. The Court concludes that, although remand was ultimately ordered, Defendants' removal was not objectively unreasonable within the meaning of **Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)**. Defendants asserted colorable arguments concerning federal jurisdiction, including issues relating to bankruptcy jurisdiction and federal law, and the Court cannot conclude that the removal lacked an objectively reasonable basis.

8. Alternatively, even if some fee award were otherwise appropriate, Plaintiffs have failed to satisfy their burden of establishing the reasonableness of the requested fees and hours under applicable Eleventh Circuit precedent. Plaintiffs have not submitted sufficient contemporaneous billing records or other competent evidence supporting the requested lodestar, and portions of the requested time appear to include work not compensable under 28 U.S.C. § 1447(c), including appellate work and work unrelated to the removal itself.

9. To the extent any relief requested by Plaintiffs has not been expressly granted herein, it is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of _____, 2026.


**EDWIN G. TORRES**

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:25-cv-21172-EIS

DAVID W. LANGLEY and DAVID W. LANGLEY, P.A.,

Plaintiffs,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN and SEAN MEEHAN,

Defendants.

_____/

**Alternative Proposed Order (Partial Relief)**

If you believe the Court is inclined to award some fees because its prior remand order expressly authorized a fee motion, I recommend filing a **second, alternative proposed order** that is more realistic. Under that version, the Court would:

- Grant leave to file your response out of time;

- **Deny the renewed motion for additional sanctions** and the requested pre-filing injunction;

- **Substantially reduce** the requested attorney's fees after excluding unsupported, excessive, clerical, duplicative, and appellate-related time under *Martin* and *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of

_____, 2026.

**EDWIN G. TORRES**

UNITED STATES MAGISTRATE JUDGE